IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FRANK KELLY CIOTA,**

               **Petitioner,**

     v.                                    **CASE NO. 10-3020-RDR**

**C. CHESTER,**

               **Respondent.**

**O R D E R**

Before the court is a pro se pleading titled as an application for habeas corpus relief under 28 U.S.C. § 2241 and injunctive relief.[1] Petitioner is a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN) and has paid the $5.00 district court fee for filing a habeas corpus action.

Petitioner was convicted in the Central District of Illinois. <u>U.S. v. Ciota</u>, Case No. 05-CR-20029 (C.D.Ill. March 25, 2008), *appeal dismissed* (7th Cir. March 6, 2009). He states he is attempting to file a timely motion under 28 U.S.C. § 2255 in that matter, and contends USPLVN officials are preventing him from doing so by restricting his access to, and possession of, a box of legal materials sent to USPLVN by petitioner's defense counsel. Petitioner filed the instant action to request a temporary restraining order that requires USPLVN staff to grant him adequate

---

[1] Petitioner's motion to supplement the petition with additional facts and argument (Doc. 3) is granted.

access to his legal materials.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Having reviewed petitioner's pleadings, the court finds petitioner's allegations assert no ground for seeking or obtaining relief under § 2241, and concludes the application should be dismissed.

Petitioner is advised that to the extent he seeks injunctive relief on allegations of unconstitutional interference with his access to the courts, relief on such a claim should be pursued in a non-habeas civil action[2] which will obligate petitioner to pay a $350.00 district court filing fee. 28 U.S.C. § 1915(b). Also, if any such civil complaint is dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, it will count as a "strike" for purposes of the "3-strike" provision in 28 U.S.C. § 1915(g).

In either event, petitioner is required to fully exhaust administrative remedies before proceeding in federal court. *See* Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)(exhaustion of remedies is required to seek habeas corpus relief under § 2241); Jones v. Bock, 549 U.S. 199 (2007)(full exhaustion of administrative

---

[2]*See e.g.* Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1235-36 (10th Cir. 2005)("federal district courts ... have jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361, and may obtain relief in the nature of either injunction or mandamus").

remedies is required before prisoner files civil action in federal court); 42 U.S.C. § 1997e(a)(same). Here, petitioner readily acknowledges that he has not exhausted administrative remedies regarding access to his legal materials.[3] Dismissal of this action without prejudice is thus appropriate.

IT IS THEREFORE ORDERED that petitioner's motion to supplement the petition (Doc. 3) is granted, and that the supplemented petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

DATED: This 18th day of February 2010, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[3]Although petitioner contends exhaustion of administrative remedies would preclude him being able to file a timely motion under § 2255 in the sentencing court, petitioner's calculation of the one year period for filing a § 2255 motion is questioned. 28 U.S.C. § 2255 provides in part that the one year limitation period for filing a motion under § 2255 shall run from "the date on which the judgment of conviction becomes final...," which generally means upon conclusion of petitioner's direct appeal, and expiration of the 90 day period for filing a petition for certiorari to the Supreme Court. *See e.g.* Latham v. U.S., 527 F.3d 651 (7th Cir. 2008)(one year time period for filing § 2255 motion began to run 90 days after defendant dismissed his appeal).

But significantly, petitioner is not precluded from filing a timely § 2255 motion. To the extent petitioner maintains additional time is needed to submit as complete a motion as he would like, such concerns can be addressed by the sentencing court once petitioner's motion is timely filed.